**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE, )
)
v. ) ID Nos. 2207003848
) 2210009751
TRACION D. HOLLINGSWORTH, )
)
Defendant. )

## **ORDER**

1.  On this 14th day of March, 2024, upon consideration of Defendant Tracion D. Hollingsworth's ("Defendant") *pro se* Motion for Sentence Modification (the "Motion") made pursuant to Superior Court Rule of Criminal Procedure 35(b),[1] the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

2.  On September 12, 2022, Defendant pled guilty to Carrying a Concealed Deadly Weapon ("CCDW") (Class G Non-Violent Felony) and Assault in the Third Degree (Class A Misdemeanor).[2] On October 3, 2022, the Court sentenced her to (1) CCDW, two years of Level V supervision, suspended for one year of Level III

---

[1] D.I.s 2207003848-24, 2210009751-14. Defendant filed the Motion in the form of a letter. The Court interprets the contents of that letter as a motion for sentence modification. Defendant does not specifically cite to Rule 35(b) in the Motion, but she asks this Court to modify the Level IV supervision part of her sentence.
[2] D.I. 2207003848-5.

supervision; and (2) Assault in the Third Degree, one year of Level V supervision, suspended for one year of Level III supervision.[3]

3. On November 1, 2022, the Delaware Department of Correction ("DOC") stated that Defendant had violated probation by allegedly committing criminal offenses during her probationary period, including Theft, Resisting Arrest, Assault in the Third Degree, Shoplifting, Criminal Mischief, Disorderly Conduct, and Criminal Trespass.[4] On February 28, 2023, Defendant pled guilty to Resisting Arrest (Class G Violent Felony). On March 8, 2023, the Court sentenced her to (1) CCDW, one year and eleven months of Level V supervision, suspended for one year and six months of Level III supervision; (2) Assault in the Third Degree, one year of Level V supervision, suspended for one year and six months of Level III supervision; and (3) Resisting, two years of Level V supervision, suspended for one year and six months of Level III supervision.[5]

4. On April 5, 2023, the DOC stated that Defendant had violated probation by failing to report to her probation officer, testing positive for nonprescribed controlled substances on March 14, 2023, March 22, 2023, and March 27, 2023, failing to comply with the substance abuse and mental health treatment conditions

---

[3] D.I. 2207003848-7.
[4] D.I. 2207003848-11.
[5] D.I.s 2207003848-13, 2210009751-8.

of her sentence, and failing to comply with curfew on March 20, 2023.[6] On April 12, 2023, the Court sentenced her to (1) CCDW, one year and eleven months of Level V supervision, suspended for successful completion of Level IV substance abuse treatment, followed by one year of Level III intensive outpatient treatment; (2) Assault in the Third Degree, probation continued at Level III or as previously imposed; and (3) Resisting, probation continued at Level III or as previously imposed.[7]

5. On July 6, 2023, the DOC stated that Defendant had violated probation by threatening police officers, a nurse, and other offenders in the Road to Recovery program and repeatedly violating program rules. On July 20, 2023, the Court sentenced her to one year and eleven months of Level V supervision, suspended for successful completion of Level IV inpatient drug treatment, followed by one year of Level III aftercare treatment.[8]

6. On November 25, 2023, Defendant filed the instant Motion, in which she asks the Court to reduce or eliminate the duration of the Level IV portion of her sentence. Defendant requests to be released to Level III supervision, either through

---

[6] D.I.s 2207003848-17, 2210009751-12.
[7] D.I.s 2207003848-18, 2210009751-13.
[8] D.I.s 2207003848-23.

3

a grant of credit time or a reduction of her sentence. She expresses her wish to return home to spend time with her family.[9]

7. Rule 35(b) authorizes this Court to "reduce the fine or term or conditions of partial confinement or probation, at any time." A motion to modify the terms of partial confinement or probation is not subject to the ninety-day limitation that applies to a motion for sentence reduction.[10]

8. Given Defendant's history of illegal drug use, Level IV inpatient drug treatment is a proper part of her sentence. Defendant's sentence is appropriate for all the reasons stated at the time of sentencing. No information has been provided to the Court that would warrant a modification of the sentence. Hence, Defendant's Motion is **DENIED.**

**IT IS SO ORDERED.**

_____
Sheldon K. Rennie, Judge

Original to Prothonotary

cc:    Tracion D. Hollingsworth (SBI #00462675)

---

[9] D.I.s 2207003848-24, 2210009751-14.
[10] _State v. Harmon_, 2023 WL 7599111, at *1 (Del. Super. Nov. 14, 2023) (quoting _State v. Bailey_, 2017 WL 8787504, at *1 (Del. Super. Oct. 3, 2017)).

4